IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GLEIKE TAXI, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 7920 |
| | ) | |
| **GRAND CAB LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Grand Cab LLC's (Grand) and Defendant Tsegaye Kebede's (Kebede) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted in part and denied in part.

## BACKGROUND

In August 2013, Plaintiff Gleike Taxi Inc. allegedly entered into a contract (Agreement) with Defendants. The Agreement's terms allegedly obligated Gleike to provide equipment (Equipment) and credit and debit card processing services to Defendants for Defendants' cabs (Cabs). A few days after entering into the Agreement, Gleike also allegedly agreed to assist Defendants in the installation of the Equipment in the Cabs. Defendants in turn were allegedly obligated under the

1

Agreement to pay Gleike certain fees and to provide Gleike with the taximeters for the Cabs. Defendants allegedly failed to pay the owed fees or deliver the taximeters and on September 11, 2013, Defendants allegedly indicated to Gleike that they wanted to terminate the Agreement. Gleike brought the instant action and included in its complaint a breach of contract claim (Count I). Defendants removed the instant action to federal court, and now move to dismiss the claims brought against Kebede, and to dismiss the claims brought by Gleike to the extent that Gleike seeks certain damages as part of a termination fee.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party can move to dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). When the court adjudicates a motion to dismiss brought pursuant to Rule 12(b)(2) based on written materials submitted to the court, "the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)(internal quotations omitted). In determining whether the plaintiff has met his burden, the "court accepts all well-pleaded allegations in the complaint as true." *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). In addition, "the plaintiff is entitled to the resolution in its favor

of all disputes concerning relevant facts presented in the record." *Purdue Research Found.*, 338 F.3d at 782; *see also Leong v. SAP America, Inc.*, 901 F.Supp. 2d 1058, 1061-62 (N.D. Ill. 2012)(explaining that "when the defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction").

Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a defendant may move to dismiss a claim due to the failure by the plaintiff to state a valid claim for relief. In ruling on a motion to dismiss brought pursuant Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that the claims brought against Kebede should be dismissed contending, the court lacks personal jurisdiction over Kebede, and that Kebede cannot be held personally liable under the Agreement. Defendants also seek to limit the damages sought by Gleike in this action relating to a termination fee. The court can consider the terms of the Agreement in ruling on the motions to dismiss because the Agreement is referenced in the complaint and is attached to the complaint as an exhibit. Fed. R. Civ. P. 10(c).

I. Claims Brought Against Kebede

Defendants argue that the court lacks personal jurisdiction over Kebede, and that regardless, he cannot be held personally liable in this action. Personal jurisdiction involves consideration of both federal and state law. *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 756-57 (7th Cir. 2010)(stating that the Court was "still unable to discern an operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction")(internal quotations omitted)(quoting *Hyatt Int'l Corp.*, 302 F.3d at 715). In a case where jurisdiction is premised on diversity subject matter jurisdiction, "[t]he federal constitutional limits

4

of a court's personal jurisdiction . . . are found in the Fourteenth Amendment's due-process clause, . . . which protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations . . . ." *Northern Grain Marketing, LLC v. Greving*, 2014 WL 595767 (7th Cir. 2014)(stating that "[a] forum state's courts may not exercise personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'")(internal quotations omitted).

A court has general personal jurisdiction over a defendant if the defendant has "continuous and systematic" contacts with the forum that are "sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir.2010). The court has specific personal jurisdiction over a defendant if "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id.* at 702 (citation omitted).

In the instant action, Defendants contend that Kebede is a citizen of Maryland and has no personal connections with Illinois. Defendants do not dispute that Grand entered into the Agreement to do business with Gleike, an Illinois corporation and that contact is the subject of this action. Nor is it disputed that Kebede signed the Agreement and that in the Agreement, he specifically agreed to be subject to the

"state or federal courts sitting in Chicago, Illinois." (Agr. 6). Such contacts by Kebede with Illinois, and his consent in the Agreement subject Kebede to personal jurisdiction in this court. Defendants argue, however that Kebede was only acting in his capacity of a representative of Grand and that his conduct therefore cannot be a basis for personal subject matter jurisdiction over Kebede. Under the fiduciary shield doctrine, "the conduct of a person in a representative capacity cannot be relied upon to exercise individual personal jurisdiction over that person." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316-17 (Ill. 1990)(internal quotations omitted). The application of the fiduciary shield doctrine as a bar to personal jurisdiction is equitable in nature and thus within the discretion of the court. *Washburn v. Becker*, 542 N.E.2d 764, 766-68 (Ill. 1989)); *see also Muller v. Morgan*, 2012 WL 6720626, at *5 (N.D. Ill. 2012)(stating that "[t]he doctrine . . . is built on the concept of fairness and whether the defendant's conduct affecting Illinois interests would make it fair to require him to defend an action in Illinois"); *Farmer v. DirectSat USA, LLC*, 2010 WL 380697, at *3 (N.D. Ill. 2010)(stating that "[i]t is clear that the fiduciary shield doctrine is discretionary or equitable, rather than an absolute entitlement").

Gleike contends that Kebede was a party to the Agreement and that he did not sign the agreement solely as a representative of Grand. The Agreement provides that "EACH INDIVIDUAL SIGNING THIS AGREEMENT AS A CUSTOMER WILL BE JOINTLY AND SEVERALLY LIABLE UNDER THIS AGREEMENT." (Agr. 5). In the Agreement, the "Customer" is "collectively" defined to include both Grand and Kebede. (Agr. 1). While Kebede is identified as a representative of

6

Grand, there is no indication that he is solely acting in that capacity. In fact, the signature lines of the Agreement clearly indicate that Kebede was acting both as a representative of Grand and acting in his personal capacity. *See Fountain Marketing Group, Inc. v. Franklin Progressive Resources, Inc.*, 1996 WL 406633, at *4 (N.D. Ill. 1996)(stating that "the fiduciary shield defense does not apply if the employee in question was also (or instead) acting to 'serve his personal interests'")(quoting *Rollins*, 565 N.E.2d at 1318). In the Agreement, three signature lines follow after the words "IN WITNESS WHEREOF, the *parties* have executed this Agreement as of the Effective Date." (Agr. 7)(emphasis added). There is a signature line with "Gleike Taxi Inc." typed next to it, a signature line with "Grand Cab LLC" typed next to it, and a signature line with "Tsegaye Kebede" typed next to it. (Agr. 7). Kebede appears to have signed both for Grand and for himself individually. Defendants have not contested that the signature that appears on the copy of the Agreement attached to the complaint is Kebede's signature. Defendants have not pointed to any facts in the record at this juncture to suggest any reason for having a separate signature line for Kebede on the Agreement other than to make him a party to the Agreement and to make him potentially personally liable. If as Defendants contend, "Kebede's only status in the Agreement is as the signatory representative for Grand Cab LLC," then there would be no need for a second signature by Kebede next to his typed name. (Mot. 3). Nor did Kebede write in his affiliation with Grand when signing either of the signature lines on the Agreement to indicate that he was solely signing in his representative capacity. *See Yellow Book Sales and Distribution*

*Co., Inc. v. Feldman*, 982 N.E.2d 162, 171 (Ill. App. Ct. 2012)(citing *Wottowa Insurance Agency, Inc. v. Bock*, 472 N.E.2d 411 (Ill. 1984) for the proposition that "[w]hen an officer signs a document and indicates next to his signature his corporate affiliation, then absent evidence to the contrary intent in the document, the officer is not personally bound"). Gleike alleges in the complaint that it entered into an agreement with Kebede as well as with Grand and the terms of the Agreement do not contradict that assertion. (Compl. Par. 6); *see also Weber v. Navseeker, Inc.*, 2013 WL 1788529, at *2-3 (N.D. Ill. 2013)(stating that "[a] plaintiff wishing to avoid application of the fiduciary shield doctrine needs only to allege in good faith that the actions complained of advanced personal rather than employer interests")(quoting *Benda v. Per–Se Techs., Inc.*, 2004 WL 1375361, at *2 (N.D. Ill. 2004))(internal quotations omitted).

The complaint also alleges that Kebede is the managing member of Grand, thus indicating that he has a personal financial interest in the LLC. (Compl. Par. 3). The impetus for the fiduciary shield doctrine was the principle "'that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.'" *Intercon Solutions, Inc. v. Basel Action Network*, 2013 WL 4552782, at *30 (N.D. Ill. 2013)(quoting *Washburn*, 542 N.E.2d at 766). In this case, the pleadings indicate that Kebede, was more than merely an employee acting at his employer's bidding. The complaint indicates that Kebede has a financial

interest in Grand. The complaint also indicates that Kebede is a high ranking member in Grand, which provides further justification for not applying the fiduciary shield doctrine. *See, e.g., National Technology, Inc. v. Repcentric Solutions*, 2013 WL 3755052, at *5 (N.D. Ill. 2013)(explaining that "[m]any courts in this district . . have found the fiduciary shield doctrine inapplicable as applied to high-ranking directors and officers of a corporation"). Nor do the allegations in complaint suggest that Kebede, in signing the Agreement was acting as an agent without discretion, and was merely complying with the strict orders of a principal party. The allegations in the complaint suggest instead that Kebede was making a discretionary decision in signing the Agreement, which provides further support for not applying the fiduciary shield doctrine. *See Leong*, 901 F.Supp.2d at 1065 (stating that "[c]ourts do not consider it unfair to exercise jurisdiction over an individual when the actions giving rise to personal jurisdiction are discretionary")(quoting *Sommese v. American Bank and Trust Co., N.A.*, 2012 WL 3006824, at *1 (N.D. Ill. 2012))(internal quotations omitted).

The pleadings thus suggest that Kebede entered into an agreement to conduct business with an Illinois corporation and agreed to be subject to personal jurisdiction in Illinois, and he is therefore subject to personal jurisdiction in this court. There has been no showing by Defendants that it would be inequitable for him to be subject to suit in this court. To the extent that Kebede argues that the parties did not intend for him to be held personally liable, the intent of the parties raises factual issues outside

of the pleadings, and it is premature at this juncture to raise such issues. The court notes that although Defendants argue that the court can interpret the contractual obligations as a matter of law, that does not mean that it is appropriate to engage in such determinations in a motion to dismiss. The cases cited by Defendants themselves, which were not decided at the motion to dismiss stage illustrate this point. (Reply 2); *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 723-24 (7th Cir. 2010)(reviewing a district court verdict in a bench trial); *TAS Distributing Co., Inc. v. Cummins, Inc.*, 676 F.Supp. 2d 719, 721 (C.D. Ill. 2009)(ruling on a motion for summary judgment). At the summary judgment stage, Defendants will be able to point to evidence that they believe shows that the parties did not intend that Kebede be held personally liable under the Agreement. Therefore, Defendants' motion to dismiss the claims brought against Kebede is denied.

II. Termination Fee

Defendants argue that Gleike seeks excessive damages in the complaint as a termination fee. In the complaint, Gleike seeks as damages "over $323,500.00, consisting of $103,500.00 in Required Device Fees, Termination Fees in the amount of $220,000.00 . . . and an amount equal to the fair market value of the undelivered taximeters, to be determined at trial." (Compl. Par. 16). Gleike alleges that it calculated the $220,000 termination fee by multiplying $200 by the numbers of cabs at issue in this case. Defendants argue that the Agreement clearly provides for a

10

"Termination Fee in the amount of $200." (Agr. 5). Defendants argue that there is no reference in the Agreement to $200 "per cab" as the complaint suggests. In response, Gleike concedes that it is limited to recovering a total of $200 for the termination fee. (Ans. 2 n.1). Therefore, Defendants' motion to dismiss as to damages in excess of $200 for the termination fee is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the claims brought against Kebede is denied, and Defendants' motion to dismiss as to damages in excess of $200 for the termination fee is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 12, 2014